IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID BANUELOS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-02137-SMY |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner David Banuelos' Petition for Writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1). The Government responded (Civ. Doc. 16), and Banuelos filed a reply[1] (Civ. Docs. 20, 21). For the following reasons, the Petition is **DENIED**.

## Factual and Procedural Background

Banuelos is a federal prisoner currently incarcerated at FCI-Elkton. On December 10, 2019, Banuelos was charged by superseding indictment in this district with conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and two counts of laundering of money instruments, in violation of 18 U.S.C. § 1956(a)(3)(B). *United States v. Banuelos*, No. 19-30022-SMY (S.D. Ill. Dec. 10, 2019,

---

[1] Banuelos requested counsel in his reply brief (Doc. 20, pp. 2, 8). Because the right to counsel in Section 2255 proceedings is discretionary, and Banuelos has not demonstrated that the requested appointment is warranted, the Court denies his request. *U.S. ex rel. Worlow v. Pate*, 411 F.2d 972, 974 (7th Cir. 1969).

Doc. 98).[2]  He ultimately pleaded guilty (Docs. 211, 213) pursuant to a plea agreement that included the following waiver:

> <u>V. Defendant's Wavier of Rights, Consequences of Plea of Guilty, and Appeal Waiver</u>
>
> 5. **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding,** including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law.
>
> 6. <u>Exceptions</u>: The defendant may appeal or bring a collateral attack:
>
> a. If the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment.
>
> b. The defendant's waiver of the right to appeal or bring a collateral attack does not apply to a claim that Defendant received ineffective assistance of counsel.
>
> (Doc. 214, pp. 9–10).

On July 2, 2021, the U.S. Probation issued a Presentence Investigation Report ("PSR"), which Banuelos acknowledged without objections (Doc. 233).  He confirmed that he had no objections to the PSR during the sentencing hearing on September 15, 2021 (Doc. 299, p. 4). Banuelos was sentenced to 240 months' imprisonment (Doc. 236) and did not file a direct appeal.

In the instant § 2255 motion, Banuelos raises two claims regarding his sentencing hearing: (1) the Court committed procedural errors related to inaccuracies in his PSR, erroneous assertions about his business activities, probation status, and post-release conduct; and (2) ineffective assistance of counsel.

---

[2] Unless otherwise noted, record citations refer to Banuelos' criminal case.

## Standard of Review

An action brought under 28 U.S.C. § 2255 attempts to collaterally attack a sentence outside of the traditional avenue of appeal. As such, § 2255 relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be employed as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

In considering a § 2255 motion, the district court is not required to hold an evidentiary hearing if "…the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)). Based on its review of the filings, the Court concludes that the issues presented can be decided on the existing record; an evidentiary hearing is not necessary.

## Discussion

### Procedural Errors

Banuelos' claims that the Court committed procedural errors by relying on inaccuracies in the PSR, incorrectly stating that he owned a towing company used to launder money, falsely stating that he was on probation during his offense, and asserting that he immediately returned to criminal activity after release from federal custody, are collateral attacks on his sentence which fall squarely within the scope of his plea agreement waiver.

A defendant can waive his right to collateral review as part of a plea agreement. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016); *Oliver v. United States*, 951 F.3d 841, 858 (7th Cir. 2020) (Appellate waivers prelude collateral attacks and courts need not consider

if claims were procedurally defaulted or whether a plaintiff could circumvent the default.). An effective waiver "extinguishes" any potential error and "precludes appellate review." *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). "A waiver of appeal contained in a plea agreement is enforceable as long as the record clearly demonstrates that it was made knowingly and voluntarily." *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999).

Here, it is clear from the record that Banuelos agreed to the waiver knowingly and voluntarily. The waiver was in writing and signed by Banuelos (Doc. 214, p. 12). Consistent with F.R.C.P. 11, the Court engaged in the following colloquy with Banuelos:

| | |
|---|---|
| COURT. | Mr. Bloodworth, what are the essential terms of the plea agreement? |
| BLODDWORTH. | It, essentially, is an open plea . . . as part of that agreement, Mr. Banuelos agrees to waive certain appeal rights that are presented in the plea agreement, as well as waive [] any modification of sentence later on. |
| COURT. | Mr. Banuelos, does that reflect your understanding of the essential terms of your plea agreement? |
| DEFENDANT. | Yes. |
| | . . . |
| COURT. | Mr. Bloodworth mentioned that the plea agreement contains certain waivers of your right to appeal and challenge your conviction and sentence. It also includes your right to seek any type of modification or reduction in your sentence in any federal, future federal proceeding. Do you understand [] did you have [] first of all, did you specifically talk to Mr. Bailey about those waivers? |
| DEFENDANT. | Yes, Your Honor. |

(Doc. 297, pp. 11–12).

The Court also confirmed with Banuelos that his plea was not the product of undisclosed promises, threats, coercion, or compulsion (*Id.*, at 12). Banuelos does not claim that a waiver exception applies (except for his claim of ineffective counsel) and there is no evidence supporting

Page **4** of **8**

such a finding. Therefore, as the Respondent has affirmatively invoked the waiver, the Court must enforce it; Banuelos' claims that the Court committed procedural errors are barred.

### Ineffective Assistance of Counsel

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right encompasses the right to effective assistance of counsel. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then determine whether Counsel's performance was outside the wide range of professionally competent assistance. *Id.* "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Court's review of Counsel's performance is "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

To satisfy the second prong, the petitioner must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. The petitioner need not show that Counsel's deficient performance

"more likely than not altered the outcome," but that the likelihood of a different result was "substantial, not just conceivable." *Harrington*, 562 U.S. at 111-12.

Banuelos first claims his counsel was ineffective because he "did not make my objections to the PSR which the court used to enhance my sentence." (Civ. Doc. 1, p. 5). But he does not specifically point to any incorrect information or conclusion in the PSR. Indeed, he sat silent when his attorney stated he had no objections to the PSR:

| | |
|---|---|
| COURT. | Mr. Banuelos, as I have indicated, Probation did prepare and file a Presentence Investigation Report in order to assist me in sentencing you this morning . . . have you had a sufficient opportunity, sir, to review the Presentence Investigation Report . . . with your attorney, Mr. Bailey? |
| DEFENDANT. | Yes, Your Honor. |
| COURT. | Counsel, no objections have been filed to the Presentence Investigation Report. |
| COUNSEL. | No, Your Honor. |
| COURT. | Mr. Bailey, does the defendant have any requested alterations or corrections? |
| COUNSEL. | No, Your Honor.[3] |

(Doc. 299, p. 4).

Moreover, Banuelos has not established that any objection Counsel could have made would have possibly resulted in a lower sentence for Banuelos. Both the prosecution and Bailey advocated for a low-end guideline range 97-month sentence based on their plea agreement (Doc. 214, p. 6; Doc. 299, pp. 11, 14). However, noting Banuelos' significant role in the offenses, his criminal history, and the nature of the crime, the Court expressed its inability to "reconcile the

---

[3] By affidavit Bailey confirms that he and Banuelos reviewed the PSR together and that Banuelos informed that he had no objections (Doc. 16-1, p. 1).

[goals of sentencing with the statutory factors]" and sentenced Banuelos 240 months' imprisonment (*Id.*, pp. 19–20). Thus, Banuelos is not entitled to § 2255 relief on this basis.[4]

Next, Banuelos claims his counsel failed to enter his tax and employment records and argues these records can potentially mitigate his sentence. This argument fails as well. The Government, advocating for a low-end sentence, argued that Banuelos is a "productive member of society[,] held several jobs[, and] worked consistently." (Doc. 299, p. 7). While the Court acknowledged that Banuelos "has shown the ability to be gainfully employed" (*Id.*, p. 17), it sentenced him to a 240-month term based on the totality of the circumstances. As such, Banuelos suffered no prejudice. *Armfield v. Nicklaus*, 985 F.3d 536, 548 (7th Cir. 2021) (the claim of an ineffective assistance of counsel requires prejudice).

Finally, by affidavit, Banuelos asserts that his counsel promised him a sentence of not more than seven years (Civ.Doc. 21, p. 2). But "mere allegations of promises made by counsel are insufficient to support a claim of ineffective assistance." *United States. v. Rodriquez-Luna*, 937 F.2d 1208, 1214 (7th Cir. 1991); *Galbraith v. United States*, 313 F.3d 1001, 1008-09 (7th Cir. 2002) (a defendant cannot establish ineffective assistance of counsel based upon "naked assertions"). Because Banuelos provides no evidence or specific details substantiating this allegation, it cannot support a finding of ineffective assistance of counsel.

---

[4] To the extent Banuelos argues his counsel should have objected to the finding that he committed crimes on his supervised release (a factor he alleged enhanced his sentence), this argument fails (Civ. Doc. 1, p. 7). The Court correctly determined that he violated his supervised release; the term of his supervised release ended on June 13, 2016, and he committed the offenses in question beginning in October 2015 (Doc. 224, pp. 9, 12 ¶¶ 37, 65; Doc. 297, p. 13).

## Conclusion

For the foregoing reasons, Banuelos's Petition is **DENIED**; this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Banuelos must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Banuelos has not made a substantial showing that his counsel's representation was ineffective. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED:** August 26, 2024

**STACI M. YANDLE**
**United States District Judge**